IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| AARON PARRISH, | § | |
|     PLAINTIFF, | § | |
| | § | |
| V. | § | CIVIL CASE NO. 3:18-CV-679-B-BK |
| | § | |
| JAY C. ENGLISH, ET AL., | § | |
|     DEFENDANTS. | § | |

**FINDINGS, CONCLUSION AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the District Judge's *Standing Order of Reference*, Doc. 26, *Defendant's Motion to Dismiss for Lack of Jurisdiction, Failure to State a Claim, or in the Alternative, Motion for Summary Judgment*, Doc. 11, is before the undersigned United States magistrate judge for a recommended disposition. For the reasons discussed below, summary judgment should be **GRANTED** as to all of Plaintiff's claims.

**1. Procedural History**

Plaintiff filed this *pro se* civil action against Jay C. English, Randy Renz, and English Law Group PLLC ("ELG"), alleging that they violated the Americans with Disabilities Act ("the ADA") by subjecting him to discrimination, harassment and a hostile work environment, retaliating against him for reporting the alleged violations, and ultimately terminating him. Doc. 3 at 1. Defendants moved to dismiss Plaintiff's case on May 21, 2018.[1] Doc. 11. The Court directed Plaintiff to file a response to the motion by August 10, 2018, if he opposed the relief requested. Doc. 27. That deadline has now passed, and Plaintiff did not respond as ordered. In the interim, Plaintiff voluntarily

---

[1] Defendants filed an identical motion at Doc. 10, which was terminated as duplicative.

dismissed Defendant Renz from the suit. Doc. 21; Doc. 24. The motion of English and ELG (collectively, "Defendants") is now ripe for consideration.

## 2. Applicable Law

Summary judgment shall be granted when the record shows that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law.[2] FED. R. CIV. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-25 (1986). A dispute regarding a material fact is "genuine . . . if the evidence is such that a reasonable jury could return a verdict in favor of the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) (internal quotation marks omitted). When ruling on a motion for summary judgment, the court is required to view all facts and inferences in the light most favorable to the nonmoving party and resolve all disputed facts in favor of the nonmoving party. *Boudreaux v. Swift Transp. Co.*, 402 F.3d 536, 540 (5th Cir. 2005). Once the moving party has made an initial showing that there is no evidence to support the nonmoving party's case, the party opposing the motion must come forward with competent summary judgment evidence showing the existence of a genuine dispute of material fact. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." *Id.* at 587.

If a party does not file a response to a summary judgment motion, a court is not permitted to enter a "default" summary judgment. *Eversley v. MBank Dallas*, 843 F.2d 172, 174 (5th Cir. 1988). The court, however, is permitted to accept the movant's facts as undisputed when no response or opposition is filed. *Id.* Further, a summary judgment nonmovant who does not respond to the motion is relegated to his pleadings, which, if unsworn, do not constitute competent summary judgment

---

[2] Because it is necessary to review documentation outside of the pleadings to properly resolve this case, the Court finds that disposition on the motion for summary judgment is appropriate, rather than on Defendants' alternative motion to dismiss.

evidence. *United States v. Dallas Area Rapid Transit*, 96 F.3d 1445 (5th Cir. 1996) *(citing Eversley*, 843 F.2d at 173-4); *see also Solo Serve Corp. v. Westowne Assocs.*, 929 F.2d 160, 165 (5th Cir. 1991) (holding that the allegations in the plaintiff's unsworn complaint were insufficient to defeat summary judgment).

    The ADA prohibits covered private employers from discriminating against a qualified individual with a disability regarding job application procedures, the hiring, advancement or discharge of employees, employee compensation, job training, and other terms, conditions and privileges of employment. *See* 42 U.S.C. § 12112(a). The ADA's anti-retaliation provision protects any individual who "has opposed any act or practice made unlawful by [the ADA]" or who has made a charge under the ADA. 42 U.S.C. § 12203(a)). The remedies available for a violation of the anti-retaliation provision of the ADA in the employment context are set forth in 42 U.S.C. § 12117. *See* 42 U.S.C.A. § 12203(c). Section 12117 specifically makes the remedies that are available under Title VII applicable to actions under the ADA. *See* 42 U.S.C.A. § 12117(a) (providing that "[t]he powers, remedies, and procedures set forth in section[ ] . . . 2000e-5 . . . of this title shall be the powers, remedies, and procedures this subchapter provides to . . . any person alleging discrimination on the basis of disability"). The enforcement provisions of Title VII and the ADA permit actions against an "employer, employment agency, labor organization, or joint labor-management committee." 42 U.S.C. § 2000e-5(b); 42 U.S.C. § 12111(b). Both Title VII and the ADA define an "employer," in pertinent part, as "a person engaged in an industry affecting commerce who has fifteen or more employees." 42 U.S.C. § 2000e(b); 42 U.S.C. § 12111(5)(A). This numerical qualification requirement is an element of an ADA claim. *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 503, 507 (2006).

## 3. Argument and Analysis[3]

The undisputed evidence of record reflects that Plaintiff was employed with ELG from December 2014 through June 2016. Doc. 3 at 24; Doc. 10-1 at 9; Doc. 10-1 at 20. As relevant here, Defendants assert that ELG does not qualify as an "employer" under the ADA because its records demonstrate that, during the timeframe at issue, it never had the requisite number of employees. Although Plaintiff states in his unverified complaint that ELG employs at least 15 people, Doc. 3 at 6, Defendants have submitted competent summary judgment evidence in the form of a spreadsheet and payroll registers reflecting that ELG employed no more than nine employees during Plaintiff's tenure. Doc. 10-1 at 58. As Plaintiff has presented no summary judgment evidence, the Court accepts Defendants' evidence and facts as undisputed.

Because it has been conclusively established that ELG is not an employer within the meaning of the ADA, Plaintiff cannot prevail on any of his ADA claims. Moreover, Defendant English is entitled to dismissal of the case against him because an individual cannot be held liable for purported violations of the ADA. *Indest v. Freeman Decorating, Inc.*, 164 F.3d 258, 262 (5th Cir. 1999) (holding that a plaintiff may not maintain a civil rights suit against both an employer and its agent). As such, both Defendants are entitled to summary judgment. *See Clackamas Gastro. Assoc., P.C. v. Wells*, 538 U.S. 440, 447 (2003) (noting that "the congressional decision to limit the coverage of the legislation to firms with 15 or more employees has its own justification that must be respected—namely, easing entry into the market and preserving the competitive position of smaller firms); *Brainerd-Rapier v. Analytical Gr., Inc.*, No. SA-11-CA-782-XR, 2012 WL 5504124, at *1 (W.D. Tex. Nov. 13, 2012) (granting summary judgment in employer's favor in Title VII/ADA case where

---

[3] While Defendants raise numerous arguments in their effort to obtain dismissal of Plaintiff's case, the Court need not address all of them.

4

plaintiff did not respond to defendant's motion, and defendant-employer presented competent evidence in the form of affidavits showing that it had not employed more than 15 employees).

### 4. Conclusion

For the reasons set forth above, Defendants' *Motion to Dismiss for Lack of Jurisdiction, Failure to State a Claim, or in the Alternative, Motion for Summary Judgment*, Doc. 11 should be **GRANTED** to the extent that summary judgment be entered in Defendants' favor, and Plaintiff's claims be **DISMISSED WITH PREJUDICE**.

**SO RECOMMENDED** on October 15, 2018.

*[signature]*
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). To be specific, an objection must identify the finding or recommendation to which objection is made, state the basis for the objection, and indicate the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).